JEFFREY R. GOMEL, ESQ.
Nevada Bar No. 3067
MICHAEL S. MYERS, ESQ.
Nevada Bar No. 1494
**MYERS & GOMEL, P.C.**
2920 South Rainbow Blvd., Suite 180
Las Vegas, Nevada 89146
Telephone: (702) 873-0001
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRET RANGELOFF and AIMEE RANGELOFF,

    Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES I through X and ROE CORPORATIONS I through X, inclusive,

    Defendants.

CASE NO.: 2:15-cv-00789-RFB-CWH

**STIPULATION AND ORDER FOR CONFIDENTIALITY OF PLAINTIFFS' MEDICAL RECORDS AND SOCIAL SECURITY NUMBER**

Plaintiffs, Bret Rangeloff and Aimee Rangeloff ("Plaintiffs"), and Defendant, State Farm Mutual Automobile Insurance Company ("Defendant"), by and through their attorneys of record, stipulate to the confidentiality of any and all medical records (hereinafter referred to as "the Records"), as well as Plaintiffs' Social Security Number, produced by Plaintiffs or obtained by Defendant via any authorization(s) signed by Plaintiffs in this action, as follows:

IT IS HEREBY STIPULATED AND AGREED:

1.     The Records shall not be disclosed or disseminated to any persons other than as provided in this Stipulation and Order.

2.     Defendant's counsel may make such use of the Records as the preparation and trial of this case may reasonably require. Subject to the limitations of this Stipulation and Order, counsel shall only disclose the Records to the Court, parties to the litigation, Defendant's insurer or other representative, and prospective witnesses, including experts.

3.     The Records shall be used solely for purposes of this lawsuit and shall not be otherwise used in the business of, or in any manner otherwise disclosed by, counsel, any party,

witnesses, insurer(s) or other representative(s), or any employee thereof, at any time during this litigation or after its conclusion.

4. In addition, Plaintiffs' Social Security Numbers shall remain confidential except as necessary for Defendant to comply with the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. §1395y. Defendant shall not use, or cause to be used, Plaintiffs' Social Security Numbers for any other purpose except compliance with the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y.

5. At the conclusion of this lawsuit by settlement, jury verdict, nonsuit, dismissal, judgment, order, or otherwise, all of the Records, including any and all copies or renditions made from the Records, shall be returned to Plaintiffs, deleted or destroyed within thirty (30) days following written request by counsel for Plaintiffs, provided said written request is made within thirty (30) days of said conclusion.

6. This Order shall remain in full force and effect through all phases of this litigation, including discovery, trial and appeal.

7. All counsel shall at all times keep secure all notes, abstracts or other work product derived from or containing any part of the Records. Counsel shall be obligated to maintain the confidentiality of the Records and shall not disclose or reveal the contents of such notes, abstracts, or other work product containing the Records or any part of it after the Records are returned and surrendered in accordance with Paragraph 5 of this Order.

8. Notwithstanding any provision of this Order, if any person referenced in Paragraph 2 of this Order receives a subpoena or order purporting to require the production of the Records or any part of them, the party receiving such subpoena, order, notice or other document shall immediately notify Plaintiffs in a reasonable time and manner so as to allow Plaintiffs to oppose such production. If Plaintiffs do not oppose the production or Plaintiffs' opposition to such production is not successful, nothing in this Order shall prohibit their production.

9. The failure of Plaintiffs to demand and/or enforce strict compliance with the terms of this Order in any particular respect shall not be deemed to constitute any waiver of the

rights conferred by this Order in other respects.

10. References to persons in this Order shall be taken and construed to refer to natural persons, and to corporations and other entities.

11. Any and all authorizations signed by Plaintiffs in connection with this claim prior to the filing of this lawsuit are deemed null and void and shall not be utilized by Defendant or any representative thereof.

12. A breach of the terms of this Order shall entitle Plaintiffs to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

DATED this 10th day of November, 2015.

MYERS & GOMEL, P.C.

By: _____
Jeffrey R. Gomel, Esq.
2920 S. Rainbow Blvd., #180
Las Vegas, Nevada 89146
Attorney for Plaintiffs

DENNETT WINSPEAR, LLP

By: _____
Ryan L. Dennett, Esq.
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Attorney for Defendant

**ORDER**

IT IS ORDERED.

DATED: November 18, 2015

_____
United States Magistrate Judge

Submitted by:
MYERS & GOMEL, P.C.

By: _____
Jeffrey R. Gomel, Esq.
2920 S. Rainbow Blvd., #180
Las Vegas, Nevada 89146
Attorney for Plaintiffs